Dale D. GODOWN, Petitioner–Appellee,

v.

John C. MARSHALL, Respondent–Appellant.

No. 07–55517.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 2009.

Filed July 16, 2009.

David James Zugman, Burcham & Zugman, San Diego, CA, for Petitioner–Appellee. ·

Michael Katz, David Fredric Glassman, Esquire, AGCA – Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellant.

Before KOZINSKI, Chief Judge, FERNANDEZ and N.R. SMITH, Circuit Judges.

## MEMORANDUM*

Godown's offense of conviction, second degree burglary, is more serious than passing a rubber check, which the Court in *Solem v. Helm* described as "one of the most passive felonies a person could commit." 463 U.S. 277, 296, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (internal quotation marks omitted). And Godown's sentence is less severe than that of life without parole in *Solem. Id.* at 297, 103 S.Ct. 3001. Godown's case is closer to *Rummel v. Estelle*, which upheld a life sentence with possibility for parole for a defendant whose offense of conviction was obtaining $120.75 by false pretenses. 445 U.S. 263, 266, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). The California Court of Appeal's decision · that Godown's sentence doesn't violate the Eighth Amendment wasn't contrary to or an unreasonable application of clearly established Supreme Court law. *See Lockyer v. Andrade*, 538 U.S. 63, 72–74, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

REVERSED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

